UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAYRON PIMENTEL FERNANDEZ,<br>Petitioner,<br>v.<br>WARDEN, et al.,<br>Respondents. | No. 1:26-cv-06936-DAD-AC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR APPOINTMENT OF COUNSEL AS MOOT<br><br>(Doc. Nos. 1, 2) |

On August 31, 2026, petitioner, proceeding *pro se*, filed a verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1), and a motion for appointment of counsel (Doc. No. 2). Therein, petitioner alleges that he was ordered removed on or about November 28, 2023, thereafter he was detained until December 10, 2023 when he was released from ICE custody under an Order of Supervision, and on August 6, 2026, he was re-detained without the required procedures, including proof that there was a significant likelihood he would soon be deported. (Doc. No. 1 at 2–3, 17.)

On September 3, 2026, the court construed petitioner's petition requesting emergency relief as a motion for temporary restraining order, set a briefing schedule requiring respondents to file an opposition by 5:00 p.m. on Friday, September 4, 2026, and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances

addressed in several cited prior cases that this court has decided. (Doc. No. 5.) In that same order, the court directed if respondents opposed the court ruling on the underlying petition based on the current briefing before it, respondents were to so indicate in the opposition and provide substantive reasons in support of that position. (*Id.*)

Respondents have not filed an opposition and the time in which to do so has passed. Because the undisputed allegations of petitioner's verified petition demonstrate that respondents did not provide the process due one who is re-detained following the issuance of a removal order, the court adopts *Uzzhina v. Chestnut*, No. 1:25-cv-01594-DAD-SCR, 2025 WL 3458787 (E.D. Cal. Dec. 2, 2025) and finds that the appropriate remedy here is an order requiring petitioner's release from immigration detention.

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondents are ORDERED to immediately release petitioner Jayron Pimentel Fernandez, A-File No 203-431-720;
    b. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner unless they provide petitioner with notice and a pre-detention hearing before an immigration judge;
2. Petitioner's motion for appointment of counsel (Doc. No. 2) is DENIED as having been rendered moot by this order granting habeas relief;
3. The Clerk of the Court is directed to serve a copy of this order on the California Valley Annex Detention Facility; and
4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and CLOSE this case.

IT IS SO ORDERED.

Dated: **September 11, 2026**

*Dale A. Drozd*

DALE A. DROZD
UNITED STATES DISTRICT JUDGE